IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET SICKMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-3009 |
| | : | |
| STANDARD INSURANCE COMPANY, et al. | : | |
| | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                                                    **February 14, 2023**

In this removal action, Plaintiff Margaret Sickman claims she was wrongfully denied life insurance benefits after the death of her husband. She brings this case against her former employer and its insurance provider for negligence, breach of contract, promissory estoppel, and breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants Flowers Food and Standard Insurance Company move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Sickman's state law claims are preempted by ERISA, they will be dismissed. Her ERISA claim will likewise be dismissed because it is barred by her failure to exhaust. Defendants' motion will therefore be granted. Because any further amendment would be futile, Plaintiff's request for leave to amend will be denied.

**FACTS**

Margaret Sickman and her late husband, Joseph Sickman, were both employees of Flowers Foods, a baking company in Philadelphia. Am. Compl. ¶¶ 2, 9-10, ECF No. 13. Flowers Foods offered employees life insurance policies through Standard Insurance. *Id.* ¶ 3. Believing she had enrolled in this benefit, Sickman paid premiums to Standard Insurance and made a claim after the

death of her husband on August 20, 2017. *Id.* ¶¶ 11, 15, 19. On October 16, 2017, Standard Insurance denied her claim, informing her that an "application for Evidence of Insurability" had not been received for her husband. *Id.* ¶ 16. Sickman alleges Flowers Foods was late in submitting her application for life insurance and erroneously failed to include the certificate of insurability required for all late applications. *Id.* ¶¶ 16-18. She claims she did not learn of this error until December of 2021. *Id.* ¶¶ 25-28.

On July 12, 2022, Sickman sued Defendants in the Philadelphia County Court of Common Pleas for negligence, breach of contract, promissory estoppel, and breach of fiduciary duty imposed under ERISA. *See* Compl., ECF No. 1-1. Defendants removed the case to federal court on the basis of federal question jurisdiction. *See* Not. Removal 1, ECF No. 1. After Sickman filed an Amended Complaint, Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can

be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Taking all pled facts as true and deciding all inferences in Sickman's favor, the Court finds she has failed to state a claim upon which relief may be granted. Defendants' motion to dismiss will be granted. And because any further amendment of the complaint would be futile, Sickman's request for leave to amend will be denied.

First, Sickman's state law claims for negligence, breach of contract, and promissory estoppel are preempted by ERISA. In fashioning an enforcement scheme, Congress provided that a civil action may be brought by a "participant or beneficiary" of an ERISA-governed plan to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). This is an exclusive remedy: state law causes of action which fall within the scope of ERISA are completely preempted. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004); *see also* 29 U.S.C. § 1144(a) ("[ERISA] shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan."). The "extraordinary preemptive power" of ERISA, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987), is intended to "avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657 (1995). In the Third Circuit, state law claims are preempted where (1) they could have been brought under ERISA, and (2) no other legal duty supports the plaintiff's claims. *Pascack Valley*, 388 F.3d at 400.

Sickman claims (1) Flowers Foods was negligent in failing to provide the appropriate

3

materials with her application for insurance, (2) Flowers Foods breached an employment contract to provide benefits including life insurance, and (3) she reasonably relied on both Defendants' representations that she was covered under the insurance program. Each of these state law claims could have been brought under ERISA. They each "fall within the realm of the administration of benefits," and have a clear "connection with or reference to such a plan." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273, 277 (3d Cir. 2001) (quoting *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983)). If the Court were to adjudicate these state law claims on the merits, it would necessarily be required to interpret Flowers Foods' benefits plan and ERISA case law. And there is no duty, independent to that imposed under ERISA, which supports these claims. The fact that Sickman's state law claims are against her former employer, rather than the insurance provider, does not save them from preemption. *Metro. Life. Ins.*, 481 U.S. at 62; *see also Bicknell v. Lockheed Martin Grp. Benefits Plan*, 410 F. App'x 570, 576 (3d Cir. 2011) (finding a state law claim of breach of contract was preempted because it "ar[ose] out of the allegedly improper processing" of a claim by his employer).

    Sickman attempts to evade this inevitable conclusion by arguing that, because Flowers Foods failed to timely submit the correct paperwork, she is not a plan participant nor a beneficiary, so her state law claims do not relate to ERISA. *See* Pl.'s Mem. Opp. Mot. Dismiss 6, ECF No. 18. A "participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). By its very terms, this definition encompasses Sickman. She was *eligible* to receive life insurance benefits under Flowers Foods' plan, even if she was never actually enrolled with Standard Insurance. *See Bauer v. Summit Bancorp*, 325 F.3d 155, 160 (3d Cir. 2003) (establishing participant status where the plaintiff is "eligible to receive a benefit under the plan"). Sickman

would thus still be a participant had she never even attempted to enroll. Because she was eligible to receive benefits under an ERISA-covered plan, Sickman is a "participant," so her state law claims "relate to" ERISA and are therefore preempted.

The remaining claim in the Amended Complaint charges Standard Insurance with breaching its fiduciary duty under ERISA by failing to timely notify Sickman of the "missing documents necessary for enrollment." Am. Compl. ¶ 58. She is barred from bringing this claim, however, by the judicially-created doctrine of exhaustion. ERISA plans are required to include a process for "full and fair review" of denial of claims. 29 U.S.C. § 1133. A plaintiff cannot seek relief for breach of fiduciary duty in federal court unless they have first exhausted these administrative remedies. *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002). This requirement is intended to reduce the number of frivolous ERISA suits, provide for consistent and non-adversarial methods of claims settlement, and minimize costs for all involved. *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002).

Here, the Standard Insurance plan included a review procedure for claims denials. *See* Grp. Life Ins. Policy 3, ECF No. 15-4. It is undisputed that Sickman never followed this process to appeal her denial of benefits. However, Sickman claims this failure to exhaust is excused because pursuing the claims dispute process would have been futile. Am. Compl. ¶ 63. A plaintiff is excused from exhaustion when they provide a "clear and positive showing of futility." *Harrow*, 279 F.3d at 249. She "must show that it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision." *Id.* at 250 (internal quotation marks and citation omitted). In considering whether pursuing an administrative dispute process would have been futile, the Third Circuit considers

> (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3)

5

existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile.

*Id.* None of these factors weigh in Sickman's favor. Most significantly, she waited almost five years—from her claim denial on October 16, 2017, to her state court complaint on July 12, 2022—to seek any sort of review of the denial.[1] She argues her appeal would have been rejected had she followed Standard Insurance's administrative review process, because she had not submitted a complete application in the first place. Pl.'s Mem. Opp. Mot. Dismiss 9, ECF No 18. This is mere speculation. It is entirely possible that had Sickman followed the claims dispute process, Standard Insurance would have informed her of her missing documentation, she would have supplied it, and benefits would have been paid out. This "bare allegation" of futility is insufficient to circumvent the exhaustion requirements of ERISA. *Brown v. Cont'l Baking Co.*, 891 F. Supp. 238, 241 (E.D. Pa. 1995) (internal quotation marks and citation omitted). Without a stronger factual basis for her futility allegations, Sickman's claim for breach of fiduciary duty must be dismissed for failure to exhaust. Because the Court finds Sickman's ERISA claim is barred by its exhaustion requirements, it is unnecessary to reach the parties' arguments regarding the statute of limitations.

Defendant's motion to dismiss will be granted. Sickman requests leave to amend her complaint to cure its deficiencies.[2] Parties shall be given leave to amend "when justice so

---

[1] Although Sickman alleges she only learned about the missing paperwork in December 2021, Am. Compl. ¶ 25, ECF No. 13, she simultaneously admits that Standard Insurance informed her that they were denying her claim because "an application for Evidence of Insurability" had not been received. *Id.* ¶ 22. In any case, she could have administratively appealed the denial of benefits as soon as she found out that her claim was denied, regardless of whether she knew the reason for the denial.

[2] Sickman alleges a Second Amended Complaint would add more facts regarding "the job duties and positions of the comparators as well as the pattern of antagonism." Pl.'s Mem. Opp. Mot.

requires." Fed. R. Civ. P. 15(a)(2). Amendment is not permitted where it would be futile, such that there are no facts which could be added to the complaint that would properly state a claim. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, Sickman is a "participant" as defined by ERISA, so her state law claims are preempted. There are no set of facts she could plead which would change that outcome. Similarly, she failed to exhaust the plan's required administrative review procedures, so her claim under ERISA is barred as a matter of law. Because a Second Amended Complaint "would not withstand a motion to dismiss," Sickman's request for leave will be denied. *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

      An appropriate Order follows.

BY THE COURT:

     __Juan R. Sánchez__
     Juan R. Sánchez, C.J.

---

Dismiss 11, ECF No. 18. Given that this case has nothing to do with either of these things, the Court assumes counsel made a copy and paste error.